THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE SULLIVAN, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-6871 |
| | ) |
| NETAPP, INC. a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TERENCE SULLIVAN, by and through his attorney, S.T. LEGAL GROUP, who for his Complaint against Defendant, NETAPP, INC., alleges and states as follows:

### NATURE OF ACTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964 for discrimination based on religion. 42 U.S.C. § 2000e et seq (1964).

### JURISDICTION

2. Federal jurisdiction arises over this action pursuant to 42 U.S.C. § 2000e-5 (Title VII); 28 U.S.C. § 1331(federal question); and 28 U.S.C. § 1343 (civil rights).

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

4. At all relevant times, the Plaintiff, TERENCE SULLIVAN, was a resident of Glen Ellyn, State of Illinois.

5. At all relevant times, the Defendant, NETAPP, INC. (hereinafter "NetApp") was a corporation organized under the laws of the state of Delaware, with its principal place of business in San Jose, State of California.

## BACKGROUND

6. Plaintiff began his employment with Defendant, NetApp, in or around July 2019.

7. Most recently, he was employed by Defendant as a Channel Development Manager (CDM).

8. In or around October 2021, NetApp instituted a policy requiring all employees to obtain the COVID-19 vaccination or to obtain a medical or religious exemption.

9. On or about November 5, 2021, Plaintiff submitted a Request for a Religious Exemption to the Covid-19 Vaccination Requirement ("Request for Accommodation") wherein he sought an exemption to NetApp's corporate vaccine mandate on the basis of his sincerely held religious beliefs.

10. On or about December 8, 2021, Plaintiff received a telephone call from NetApp's Human Resource Department ("HR") informing him that his Request for Accommodation was denied.

11. In that same telephone conversation, Plaintiff was informed that if he did not get vaccinated by December 17, 2021, his employment would be terminated.

12. On or about December 9, 2021, Plaintiff emailed HR requesting that NetApp reconsider the denial of his Request for Accommodation.

13. On January 5, 2022, Plaintiff received an email from HR stating that it was still evaluating his appeal and Request for Accommodation.

14. On February 2, 2022, NetApp's CEO announced that, regardless of government policies, NetApp would require all its employees to be vaccinated or have approved Medical or Religious Accommodations by February 11, 2022.

15. On February 8, 2022, Plaintiff received notification that his request for exemption was granted, but that an accommodation could not be provided. An invitation for a call with HR and his manager, Mark Matera, was scheduled for the following day.

16. During that call Plaintiff was informed that he was being terminated because the Company's corporate partner policies would prohibit him from visiting those offices due to his vaccination status.

17. Specifically, NetApp informed Plaintiff that the individual partner companies, with whom he interacted on site, had policies that would prevent him from visiting those partner offices.

18. Plaintiff was also informed that his last day of employment with NetApp would be March 1, 2022.

19. Upon information and belief, only one corporate partner that Plaintiff worked with had a vaccination policy at the time, and they were not allowing any visitors regardless of vaccination status.

20. In addition, Plaintiff's role with this corporate partner was secondary in support of the national team and therefore he would have been able to continue to perform his job duties and approving his request for accommodation would not have resulted in any undue hardship for NetApp.

21. Prior to his Request for Accommodation, Plaintiff had a strong work record with NetApp.

22. In fact, Plaintiff was CDM of the Year for 2021 and received a promotion in summer 2021.

23. On March 1, 2022, Plaintiff's employment with Defendant was terminated.

24. On or about May 25, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Said Charge is attached hereto as **Exhibit A**.

25. On or about October 26, 2022, the EEOC issued a Right to Sue letter, attached hereto as **Exhibit B.**

### COUNT I - Violation of Title VII of the Civil Rights Act of 1964 – Discrimination on the Basis of Religion

26. The Plaintiff, TERENCE SULLIVAN, incorporates and adopts paragraphs 1 through 25 as if set forth herein fully as paragraph 26.

27. At all relevant times, there was in effect in the State of Illinois Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

28. Pursuant to Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2.

29. During the course of his employment, the Plaintiff was an "employee" as defined by Title VII.

30. During the course of Plaintiff's employment, the Defendant was an "employer" as that term is defined by Title VII. In particular, the Defendant employed fifteen or more

employees for each working day in each of twenty or more calendar weeks, including the Plaintiff.

31. During all times relevant hereto, Plaintiff had a bona fide religious belief or practice that conflicted with the Defendant's COVID-19 vaccination requirement.

32. The Defendant, by and through its agents and employees, was aware of Plaintiff's bona fide religious beliefs which conflicted with Defendant's COVID-19 vaccination requirement.

33. While the Plaintiff was employed by the Defendant, he satisfactorily performed his job duties.

34. In violation of Title VII, the Defendant discriminated against the Plaintiff with respect to his religion by terminating his employment due to his bona fide religious belief which conflicted with the Defendant's COVID-19 vaccination requirement.

35. Similarly situated employees of Defendant who did not have religious beliefs which conflicted with the Defendant's COVID-19 vaccination requirement were treated more favorably than Plaintiff.

36. As a direct result of the discriminatory conduct of the Defendant Plaintiff has suffered damage including but not limited to lost wages, lost benefits and emotional distress damages.

WHEREFORE, the Plaintiff, TERENCE SULLIVAN, prays for judgment against the Defendant, NETAPP, INC. awarding him:

    a. Damages for lost wages, benefits and income from the time of his termination and ongoing;

    b. Humiliation, embarrassment, and emotional distress damages;

    c. Costs of suit and reasonable attorneys' fees;

      d.      Prejudgment interest; and

      e.      Other losses to be determined.

**COUNT II - Violation of Title VII of the Civil Rights Act of 1964 –
Failure to Accommodate**

37.    The Plaintiff, TERENCE SULLIVAN, incorporates and adopts paragraphs 1 through 36 as if set forth herein fully as paragraph 37.

38.    At all relevant times, there was in effect in the State of Illinois Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

39.    Pursuant to Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2.

40.    "The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j)

41.    During the course of his employment, the Plaintiff was an "employee" as defined by Title VII.

42.    During the course of Plaintiff's employment, the Defendant was an "employer" as that term is defined by Title VII. In particular, the Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks, including the Plaintiff.

43.    During all times relevant hereto, Plaintiff had a bona fide religious belief or practice that conflicted with the Defendant's COVID-19 vaccination requirement.

44. The Defendant, by and through its agents and employees, was aware of Plaintiff's bona fide religious beliefs which conflicted with Defendant's COVID-19 vaccination requirement.

45. While the Plaintiff was employed by the Defendant, he satisfactorily performed his job duties.

46. In violation of Title VII, the Defendant failed to accommodate Plaintiff's bona fide religious beliefs by granting his request for an exemption to the Defendant's COVID-19 vaccination requirement.

47. Granting Plaintiff's reasonable request for accommodation would not have resulted in undue hardship on Defendant.

48. As a direct result of Defendant's failure to accommodate Plaintiff, he has suffered damage including but not limited to lost wages and benefits and emotional distress damages.

WHEREFORE, the Plaintiff, TERENCE SULLIVAN, prays for judgment against the Defendant, NETAPP, INC. awarding him:

    a. Damages for lost wages, benefits and income from the time of his termination and ongoing;

    b. Humiliation, embarrassment, and emotional distress damages;

    c. Costs of suit and reasonable attorneys' fees;

    d. Prejudgment interest; and

    e. Other losses to be determined.

**JURY DEMAND**

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Servos
Attorney for the Plaintiff

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com

8

**EXHIBIT A:** EEOC CHARGE OF DISCRIMINATION

Case: 1:22-cv-06871 Document #: 2 Filed: 12/07/22 Page 9 of 14 PageID #:31

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☐ EEOC

Agency(ies) Charge No(s):

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05/24/2022 — *Terence Sullivan*
Date — Charging Party Signature

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☐ EEOC

Agency(ies) Charge No(s):

_____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05/24/2022 — *Terence Sullivan*

Date | Charging Party Signature

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117**,** 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT B:** EEOC NOTICE OF SUIT RIGHTS



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Terrance Sullivan Esq.
1020 Milwaukee Avenue, Suite 335
Deerfield, IL 60015

Charge No: 440-2022-05954

EEOC Representative and email:   Jana Diamond
Investigator
jana.diamond@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-05954.

On behalf of the Commission,

Digitally Signed By: Julianne Bowman
10/26/2022
Julianne Bowman
District Director

Cc: NetApp

Please retain this notice for your records.